IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:13CR106 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| RUSSELL GLENN PIERCE, | ) | |
| DAVID WILLIAM PEER, | ) | |
| JOHN DOE # 3, | ) | |
| JOHN DOE # 4, | ) | |
| JOHN DOE # 5, | ) | |
| WARREN TIDWELL, | ) | |
| JOSHUA WELCH, and | ) | |
| THOMAS SPENCER, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the motions to sever by defendants Russell Glenn Pierce (Pierce) (Filing No. 108), David William Peer (Peer) (Filing No. 106), Warren Tidwell (Tidwell) (Filing Nos. 112), Joshua Welch (Welch) (Filing No. 110), and Thomas Spencer (Spencer) (Filing No. 101). Each of the defendants moves to sever his trial from that of the other defendants on the basis there is a misjoinder under Fed. R. Crim. P. 8(b). The government opposes severance (Filing No. 119).

Each of the defendants is charged in the Second Superseding Indictment with receiving and attempting to receive child pornography using any means or facility of interstate commerce, including by computer, in violation of 18 U.S.C. § 2252A(a)(2) (Count I) and knowingly accessing a means or facility of interstate commerce to view child pornography (Count II) in violation of 18 U.S.C. § 2252A(a)(5)(B) during the period of November 19, 2012, through December 9, 2012. The Second Superseding Indictment alleges an internet website, designated "Website A" for the purposes of the Second Superseding Indictment, was established for the primary purpose of the advertisement and distribution of child pornography and a bulletin board for the discussion of matters pertinent to the sexual abuse of children, including the facilitation of anonymous communications and prevention of detection by law enforcement. "Website A" is alleged to have operated from March of 2012 until December of 2012. The computer server hosting "Website A" was seized by law enforcement from a web-hosting facility in Bellevue, Nebraska, on November 18, 2012. It is alleged while "Website A" remained operational from November 19, 2012, through December 9, 2012, law enforcement officers armed with court authorized

orders, monitored the electronic communications of users of "Website A" resulting in the charges set forth in the Second Superseding Indictment. Each of the defendants named in the Second Superseding Indictment accessed "Website A" during the monitoring period and viewed and received child pornography on the dates alleged in Counts I and II of the Second Superseding Indictment.

Rule 8(b) provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b). "[I]t is not necessary that every defendant have participated in or be charged with each offense." *United States v. Jones*, 880 F.2d 55, 62-63 (8th Cir. 1989); **see also** *United States v. Morris*, 723 F.3d 934, 941 (8th Cir. 2013). The propriety of joinder, pursuant to Fed. R. Crim. P. 8, is determined on the face of the indictment. **See** *United States v. Wadena*, 152 F.3d 831, 848 (8th Cir. 1998). Furthermore, Rule 8(b) is to be liberally construed in favor of joinder. **See** *United States v. Thompson*, 690 F.3d 977, 989 (8th Cir. 2012); *United States v. Ruiz,* 412 F.3d 871, 886 (8th Cir. 2005); *United States v. Rimell*, 21 F.3d 281, 288 (8th Cir. 1994); *United States v. O'Connell*, 841 F.2d 1408, 1432 (8th Cir. 1988). Here, each defendant was part of the same series of acts or transactions in accessing "Website A" during the time period in question. There was common activity and participation involving all of the defendants embracing the charged offenses even though every defendant did not participate in the same accession of "Website A." *United States v. Ford*, 632 F.2d 1354, 1372-73 (9th Cir. 1980).

Rule 14 of the Federal Rules of Criminal Procedure provides in part:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

Some of the defendants assert there is an imbalance or disparity of evidence from one defendant to another in that some defendants have many more accessions or images downloaded. There is no requirement for severance when the quantum of evidence against

each codefendant may be unequal, dissimilar, or less damaging.  This is true even if the likelihood of acquittal is decreased.  ***United States v. Hively***, 437 F.3d 752, 765 (8th Cir. 2006).  Less drastic measures than severance, such as limiting instructions, are available to cure any undue prejudice.  See ***Richardson v. Marsh***, 481 U.S. 200, 211 (1987); ***United States v. Sandstrom***, 594 F.3d 634, 645 (8th Cir. 2010).

The court does not anticipate that, upon proper instruction, the jury will have great difficulty compartmentalizing the evidence pertaining to each defendant and returning a verdict as to each defendant as to each count of the indictment.  No evidence was presented as to the disparity of evidence between the defendants which would warrant a severance for prejudicial joinder under Fed. R. Crim. P. 14.  Accordingly,

1. Pierce's motion to sever (Filing No. 108) is denied;
2. Peer's motion to sever (Filing No. 106) is denied;
3. Tidwell's motion to sever (Filing No. 112) is denied;
4. Welch's motion to sever (Filing No. 110) is denied; and
5. Spencer's motion to sever (Filing No. 101) is denied.

**IT IS SO ORDERED.**

### ADMONITION

Pursuant to NECrimR 59.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order.  Failure to timely object may constitute a waiver of any such objection.  The brief in support of any objection shall be filed at the time of filing such objection.  Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 18th day of October, 2013.

BY THE COURT:

 s/ Thomas D. Thalken
United States Magistrate Judge