IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>RUSSELL GLENN PIERCE, DAVID WILLIAM PEER, JOHN DOE # 3, JOHN DOE # 4, JOHN DOE # 5, WARREN TIDWELL, JOSHUA WELCH, THOMAS SPENCER,<br><br>                Defendants. | 8:13CR106<br><br>MEMORANDUM AND ORDER |

This matter is before the court on defendants Thomas Spencer's and Russell Pierce's objections, Filing Nos. 127 and 130, to the magistrate judge's order, Filing No. 125, denying defendants' motions to sever, Filing Nos. 101, 106, 108, 110 and 112. Defendants are charged with possession and receipt and attempted receipt of child pornography in violation of 18 U.S.C. § 2252A.

**I. FACTS**

The court generally agrees with the magistrate judge's recitation of the facts and they need not be repeated here. Essentially, in the Second Superseding Indictment (Sealed), each of the defendants is charged with one count of receiving and attempting to receive child pornography using any means or facility of interstate commerce, including by computer, in violation of 18 U.S.C. § 2252A(a)(2) (Count I) and one count of knowingly accessing a means or facility of interstate commerce to view child pornography (Count II) in violation of 18 U.S.C. § 2252A(a)(5)(B) from November 19,

2012, through December 9, 2012.[1]  The allegations against each defendant differ only with respect to the dates of the defendants' violations.  The United States (hereinafter, "the government") alleges that a website designed to facilitate "anonymous communications and prevention of detection by law enforcement" in connection with the advertising and distribution of child pornography, including a bulletin board for the discussion relating to sexual abuse of children ("Website A"), was operated from March 2012 to December 2012.  The computer server that hosted the website was seized by law enforcement officers who monitored activity on the site from November 19, 2012, to December 9, 2012.  Each of the defendants is alleged to have viewed child pornography during that time period.

The government alleges that the website functioned as a social networking website for people with a sexual interest in children.  The operational particulars of the website are detailed in the Second Superseding Indictment (Sealed).  The government alleges that the website had over 8,100 members and users could register for the site by creating a username and password and setting up a profile, but any user could access most of the site without registering or logging in.  Further, the government alleges that the users of "Website A" utilized advanced technological means in order to undermine law enforcement's attempts to identify them, including installing certain

---

[1] On June 14, 2013, this court granted the government's emergency sealed *ex parte* motion for substitution of redacted indictments in several related cases as well as the present case.  *See* Filing No. 33 in 8:13CR104; Filing No. 39 in 8:13CR105; Filing No. 67 in 8:13CR106; Filing No. 90 in 8:13CR107; and Filing No. 48 in 8:13CR108.  In the initial indictment, none of the defendants were named; they were denominated "John Doe" and identified by IP address.  Filing No. 1, Indictment.  On April 16, 2013, the government superseded its indictment for the first time and named four of the defendants, and on August 20, 2013, the government superseded its indictment for the second time to name an additional defendant. Filing No. 12, Superseding Indictment, & 88, Second Superseding Indictment.  In the government's summary of changes, it asserts that the only changes are the substitution of names instead of "John Does."  Filing Nos. 16 & 92, Notice:  Summaries.  Redacted copies have been substituted for the publicly available indictments.

software that rerouted the communications to other computers. Significantly, the government does not charge a conspiracy, nor allege that any defendants were acting in concert with each other.

The defendants' motions to sever are premised on the assertion that the defendants are misjoined under Fed. R. Crim. P. 8(b), or alternatively, if properly joined, the court should exercise its discretion to sever them under Fed. R. Crim. P. 14. In opposition to the defendants' motion to sever, the government argues that all of the defendants have been indicted for their participation in the same illegal acts using the same overall scheme: that is, accessing the website with intent to view child pornography.

The magistrate judge found that "each defendant was part of the same series of acts or transactions in accessing 'Website A' during the time period in question," and found "[t]here was common activity and participation involving all of the defendants embracing the charged offenses even though every defendant did not participate in the same accession of 'Website A.'" Filing No. 125, Order at 2. Further, the magistrate judge assessed the potential for prejudice under Fed. R. Crim. P. 14, and found "the court does not anticipate that, upon proper instruction, the jury will have great difficulty compartmentalizing the evidence pertaining to each defendant and returning a verdict as to each defendant as to each count of the indictment." *Id.* at 3.

Defendants Spencer and Pierce appeal the magistrate judge's order, arguing that the magistrate judge erred in his legal conclusion that the defendants participated in the

3

same series of acts or transactions, and failed to address defendant Pierce's "inconsistent defenses" theory.[2]

## II. LAW

Review of a magistrate judge's order on an issue of law is de novo. 28 U.S.C. § 636. Whether joinder of defendants is proper is a question of law. *United States v. Robaina*, 39 F.3d 858, 861 (8th Cir. 1994).

Rule 8 of the Federal Rules of Criminal Procedure governs joinder of both offenses and defendants. Under Fed. R. Crim. P. 8(a), the indictment or information may charge a defendant in separate counts with two or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan. Fed. R. Crim. P. 8(a). Individual defendants may be joined "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). "Where an indictment joins defendants as well as offenses, the propriety of the joinder of offenses is governed by Rule 8(b), rather than Rule 8(a).") *United States v. Mann*, 701 F.3d 274, 289 (8th Cir. 2012).

"Rule 8(b) requires that there be some common activity involving all of the defendants which embraces all the charged offenses even though every defendant need not have participated in or be charged with each offense." *United States v. Bledsoe*, 674 F.2d 647, 655 (8th Cir. 1982). The propriety of joinder must appear on the

---

[2] Defendant Pierce's argument is premised on evidence adduced at the detention hearing on May 6, 2013. Filing No. 43, text minute entry; Filing No. 44 (audio file). That evidence established that defendant Pierce accessed the website in a way that was not typical of other users and his activity level differed from those of other users.

4

face of the indictment. *United States v. Morris*, 723 F.3d 934, 941 (8th Cir. 2013); *United States v. Wadena*, 152 F.3d 831, 848 (8th Cir. 1998). "'It is not necessary that all defendants be charged in each count,' and '[t]he prerequisites for joinder are liberally construed in favor of joinder.'" *Morris*, 723 F.3d at 941 (quoting *United States v. Liveoak*, 377 F.3d 859, 864 (8th Cir. 2004)). "Persons charged in a conspiracy or jointly indicted on similar evidence from the same or related events should be tried together, even if each defendant did not participate in or was not charged with each offense." *United States v. Gravatt,* 280 F.3d 1189, 1191 (8th Cir. 2002); *Bledsoe,* 674 F.2d at 655 (noting that "[a] broad reading of Rule 8(b) is justified because Fed. R. Crim. P. 14 provides a means by which trial courts can protect defendants from prejudice resulting from joint trials").

However, "there are definite limits to what the government can put together in a single indictment." *United States v. Nicely*, 922 F.2d 850, 853 (D.C. Cir .1991). "Rule 8(b)'s language 'may not be read to embrace similar or even identical offenses, unless those offenses are related. . . . [T]here must be a logical relationship between the acts or transactions within the series.'" *Id.* (quoting *United States v. Perry*, 731 F.2d 985, 990 (D.C. Cir. 1984)); *see United States v. Davis*, 397 F.3d 173, 182 (3d Cir. 2005) (although each defendant need not be charged with each act in the series, there must be a logical relationship among the offenses, i.e., "'seemingly unrelated' guns and drugs were all recovered from men riding together in the same car and, therefore, there was a strong basis to conclude that these guns and drugs were connected").

An important factor in determining whether transactions are connected is whether evidence supporting the separate counts sufficiently overlaps so that the same evidence

5

would be admissible at separate trials. *United States v. Sumler*, 294 F.3d 579, 584 (3d Cir. 2002) (joinder of drug and gun counts proper because evidence was "inextricably intertwined"). Generally, the test for whether counts are misjoined under Rule 8(b) is whether the acts alleged in the indictment are unified by some substantial identity of facts or participants. *United States v. Butera*, 677 F.2d 1376 (11th Cir. 1982).

Rule 14 of the Federal Rules of Criminal Procedure provides that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). Under Rule 14, the district court may sever defendants if it appears a party is prejudiced by joinder for trial. *Gravatt*, 280 F.3d at 1191.

When defendants have been properly joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. *Zafiro v. United States*, 506 U.S. 534, 539 (1993) (noting that such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant, i.e., evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty).

### III. DISCUSSION

The court finds that the magistrate judge erred in finding that the defendants were properly joined under Fed. R. Crim. P. 8(b). The facts alleged in the Second

6

Superseding Indictment do not show that the defendants participated in the same act or transaction, or in the same series of acts or transactions, that constitute an offense or offenses. No common activity is alleged, no conspiracy is alleged, and there are no allegations that the defendants knew each other or were even aware of the others' existence. Similarly, there is no allegation that the defendants aided and abetted each other in any overall scheme.

The test is whether the acts alleged in the indictment are unified by some substantial identity of facts or participants. Here, they are not. The government charges that all of the defendants used the same website to view child pornography. That conduct falls short of an allegation of joint activity. The government simply alleges that each of the defendants committed a separate crime by similar means, i.e., logging onto and viewing different images on the same website. The defendants acted at different times, from different locations, at differing levels of activity, and without knowledge of others doing so. Although the Second Superseding Indictment contains allegations that relate to groups with exclusive membership and to communications between website users in general, there are no allegations that any of the eight indicted defendants belonged to such groups or communicated with each other.

The court finds the defendants' analogies to individuals using the same post office to commit mail fraud, or to people robbing the same bank at different times are on point. The defendants are charged with separate, legally distinct crimes and must be tried separately. Having found that the defendants have been improperly joined under Fed. R. Crim. P. 8, the court need not address Fed. R. Crim. P. 14, which applies only to properly joined defendants. Although other defendants did not object to the

magistrate judge's ruling, the court's finding of improper joinder applies to all defendants. Accordingly,

    IT IS ORDERED:

    1.    Defendants Thomas Spencer's and Joshua Rydell's objections (Filing No. 127 and Filing No. 130) are sustained.

    2.    The magistrate judge's order (Filing No. 125) is reversed.

    3.    The defendants' motions to sever (Filing Nos. 101, 106, 108, 110 and 112) are granted.

    4.    This action is to be tried separately with respect to each defendant.

Dated this 12th day of December, 2013.

                BY THE COURT:

                s/ Joseph F. Bataillon
                United States District Judge