IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>    v.<br><br>JOSHUA WELCH,<br><br>                 Defendant. | 8:13CR106<br><br>ORDER |

      This matter is before the court on defendant's motions in limine, Filing No. 295 and Filing No. 299. This action is set for trial on February 2, 2015.

      The defendant seeks an order prohibiting or limiting evidence of child pornography in excess of ten images. The number of images was addressed at a status conference on January 5, 2015. At that time, the court indicated that no video would be shown at trial and still images would be limited to ten images for the general web site and five images each for the defendant's two or three devices. The court will stand by that ruling. The court has been given the government's tender of exhibits, totaling over 30 full-sized images, but the court is unable to determine whether the images are from the general website or the defendant's devices. The matter will be taken up before the start of trial.

      The defendant also seeks an Order prohibiting any party from presenting evidence or making reference before the jury to: 1) any uncharged allegations relating to any improper contact with minors; and 2) any references to the Dark Net or use of terminology that implies that the defendant is using any method of accessing the web that is, in itself illegal.

Although the motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings, performing a gatekeeping function and sharpening the focus for later trial proceedings, some evidentiary submissions cannot be evaluated accurately or sufficiently by the trial judge in such a procedural environment. *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine is appropriate for "evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissable for any purpose." *Id.* In other instances, it is necessary to defer ruling until during trial, when the trial judge can better estimate the impact of the evidence on the jury. *Id.*

Under the Federal Rules of Evidence, "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). With proper notice in a criminal case, the evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "Thus, Rule 404(b) 'generally prohibits the introduction of evidence of extrinsic acts that might adversely reflect on the actor's character, unless that evidence bears upon a relevant issue in the case.'" *United States v. Young*, 753 F.3d 757, 768 (8th Cir. 2014) (quoting *Huddleston v. United States*, 485 U.S. 681, 685 (1988)). For evidence of prior bad acts to be admissible, the evidence must be: (1) relevant to a material issue; (2) proved by a preponderance of the evidence; (3) higher in probative value than in prejudicial effect; and (4) similar in kind and close in time to the crime charged. *Young*, 753 F.3d at 768.

2

Under Fed. R. Evid. 403, even relevant evidence may be excluded if its probative value is outweighed by danger of prejudice. Fed. R. Evid. 403. As to a criminal defendant, "unfair prejudice" speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged. Old Chief v. United States, 519 U.S. 172, 180 (1997); see United States v. Fawbush, 634 F.3d 420, 423 (8th Cir. 1990) (unfair prejudice means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one).

The court is unable to evaluate the relevance of the challenged evidence in the context of a pretrial motion. The government has not yet offered any bad acts evidence, nor indicated it has an intention to do so. The defendant's concerns may warrant exclusion of the evidence or a cautionary or limiting instruction, but the court cannot determine the admissibility of the evidence or the ambit of any such instruction at this time.

The court will admit the evidence at issue only on an appropriate showing by the government under Fed. R. Evid. 404(b), and only to the extent that the relevance of the evidence outweighs its potential to cause prejudice under Fed. R. Evid. 403. The court finds the motion can be adequately resolved at trial, either in a hearing immediately prior to commencement of the trial, as an objection with a sidebar, or with a review of the evidence outside the presence of the jury. Until such time as the court makes a determination, counsel is cautioned not to mention uncharged allegations or to suggest or imply that the defendant accessed the web illegally. Accordingly,

IT IS ORDERED:

1. Defendant's motion in limine (Filing No. 295) is granted as provided above.

2. Defendant's motion in limine (Filing No. 299) is granted in part and denied in part, without prejudice to its reassertion via timely objection to the admissibility of such evidence at trial.

Dated this 28th day of January, 2015

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge