IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

JOSHUA WELCH,

Defendant.

8:13CR106

ORDER

This matter is before the court on the defendant's motion to vacate under 28 U.S.C. § 2255, Filing No. 500, motion for leave to proceed in forma pauperis, Filing No. 501, and motion for a status report, Filing No. 505.

The defendant was found guilty of crimes relating to receipt of child pornography on February 6, 2015. Filing No. 327, Jury Verdict. He was sentenced on May 4, 2015 to concurrent terms of 120 months of imprisonment on each count. Filing No. 397, Judgment. He filed a direct appeal to the Eighth Circuit Court of Appeals. Filing No. 399, Notice of Appeal. His conviction and sentence were affirmed on appeal. Filing No. 481, Opinion; Filing No. 482, Judgment. The Appeals Court denied his request for en banc review. Filing No. 485, Order. The defendant filed a petition for a writ of certiorari and the Supreme Court denied certiorari on June 14, 2016. The defendant filed this motion to vacate on December 5, 2016.

In his § 2255 motion, the defendant alleges improper venue, ineffective assistance of counsel on appeal, violations of Fed. R. Crim. P. 41, and an invalid search. He also challenges the NIT warrant, the Magistrate Judge's authority to issue the warrant, and asserts the court lacks jurisdiction.

Under the Rules Governing Section 2255 Proceedings for the United States District Courts ("2255 Rules"), the court must perform an initial review of the defendant's § 2255 motion. *See* 28 U.S.C. § 2255, Rule 4(b). If "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief," the court must dismiss the motion. *Id.* But if it does not plainly appear that the defendant is entitled to no relief, the government should be required to respond. *See id.*

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), there is a one-year statute of limitations on motions by prisoners seeking to modify, vacate or correct their federal sentences. *Johnson v. United States*, 544 U.S. 295, 299 (2005). Generally, that year begins to run from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255 (f)(1). With regard to post-conviction relief for federal prisoners, the conclusion of direct review occurs when the Supreme Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari. *Jimenez v. Quarterman*, 129 S. Ct. 681, 685 (2009). If a federal prisoner chooses not to seek direct review in the Supreme Court, then the conviction becomes final when the time for filing a certiorari petition expires. *Id.*

On initial review, the court finds that "it does not plainly appear that the defendant is entitled to no relief," and that the government should be required to answer. On receipt of the government's answer, the court will determine (a) whether to order the parties to submit briefs on the merits, so that the defendant's claims may be resolved on the basis of the record and briefs, or (b) whether an evidentiary hearing is required.

*See* Rule 8(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

The court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). No fee is required, however, to file a § 2255 petition. *United States v. Ewing*, No. CR 09-103(DSD/SRN), 2016 WL 29255, at *2 (D. Minn. Jan. 4, 2016). Welch's application will accordingly be denied as moot.

THEREFORE, IT IS ORDERED:

1. On initial review, the court finds that summary dismissal is not appropriate.

2. The United States shall file an answer to the defendant's § 2255 motion within 21 days of the date of this order.

3. The defendant's motion for leave to proceed in forma pauperis (Filing No. 501) and motion for a status report (Filing No. 505) are denied as moot.

Dated this 18th day of May, 2017.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge