IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>vs.<br><br>JOSHUA WELCH,<br><br>              Defendant. | 8:13CR106<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on the defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, Filing No. 500. The defendant challenges the government's use of a Network Investigative Technique ("NIT") warrant to monitor and intercept internet traffic of child pornography.[1]

I.    FACTS

Welch was charged in Count I of a two-count Indictment with receipt and attempted receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1), and in Count II with knowingly accessing a computer disk or other material with intent to view child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Filing No. 1. Welch was one of many out-of-state defendants charged with receiving child pornography through the Tor network from servers housing sites that contained child pornography (PedoBook, Pedoboard, and TB2) in Nebraska. *See, e.g., United States v. Cottom*, 679 F. App'x 518 (8th Cir. 2017); *United States v. Huyck*, 849 F.3d 432 (8th Cir. 2017); *United States v.*

---

[1] Investigators use a NIT to identify users of "Tor," a network that hides the location and user data of internet users. *United States v. Horton*, 863 F.3d 1041, 1045 (8th Cir. 2017). "When a website is operating on the Tor network, this appears to be the only practical way for law enforcement to identify a website's users and gather necessary evidence." *United States v. Tagg*, 886 F.3d 579, 584 n.2 (6th Cir. 2018); *see generally United States v. Workman*, 863 F.3d 1313, 1315–17 (10th Cir. 2017) (describing the technique), cert. denied, 584 U.S. —-, 2018 WL 1786016 (Oct. 3, 2017). The NIT consists of computer code employed on child pornography websites to identify users of those sites.

*Laurita*, 821 F.3d 1020 (8th Cir. 2016). The facts are set forth in the Eighth Circuit Court of Appeals' decision in Welch's direct appeal and need not be repeated here, except as necessary to the court's opinion. See *United States v. Welch*, 811 F.3d 275, 280–81 (8th Cir. 2016), *cert. denied*, 136 S. Ct. 2476 (June 13 2016).

Before trial, Welch filed various pre-trial motions, but did not challenge venue. He filed a motion to suppress the evidence found in the NIT warrant and his motion was consolidated with those of other defendants allegedly using internet pornography sites such as PedoBook, Pedoboard, and TB2. Welch alleged violations of Federal Rule of Criminal Procedure 41 and denial of his Fourth Amendment rights as the result of the government's use of a court-authorized NIT. After a hearing, the magistrate judge recommended that this court deny the Welch's motion to suppress. Filing No. 203. Welch objected to the Magistrate Judge's findings. Filing No. 220. After de novo review, this court denied Welch's objection and denied the motion to suppress. Filing No. 241.

Welch proceeded to trial and the jury returned verdicts of guilty as to each count of the Indictment. Filing No. 327. Welch was sentenced to two concurrent ten-year terms of imprisonment. Filing No. 397.

On appeal, Welch argued that his notice of the NIT warrant was insufficient under Federal Rule of Criminal Procedure 41. The Eighth Circuit Court of Appeals ("Eighth Circuit") affirmed Welch's conviction. *Welch*, 811 F.3d at 280–81. Assuming without deciding that Rule 41 applied to the NIT warrant, the Eighth Circuit agreed that the notice given to Welch did not comply with the Rule, but found that such a procedural violation is not *per se* an unreasonable search in violation of the Fourth Amendment. *Id.* at 280. In order to show a Fourth Amendment violation, the Eighth Circuit stated that Welch must show either prejudice or reckless disregard of proper procedure. *Id.* at 280-81. The Court of

Appeals found Welch had not made that showing and accordingly found the delayed notice of the NIT warrant did not violate the Fourth Amendment and did not require suppression of evidence. *Id.* at 281.

Welch raises three grounds for relief in his § 2255 motion. First, he claims venue was improper in the District of Nebraska. Second, he asserts that the NIT warrant issued by a Magistrate Judge in the District of Nebraska was *void ab initio* because the Magistrate Judge lacked jurisdiction to issue the warrant. Third, Welch claims that his prosecution and sentence are illegal because the Magistrate Judge was without authority to issue the NIT warrant. He also argues that the violations are of constitutional magnitude and alleges his counsel was ineffective in failing to raise any of those grounds in his appeal.

In response, the government argues that Welch's claims are procedurally barred because he did not raise them in district court or on appeal. It also argues that Welch's claim of ineffectiveness of counsel on the venue issue fails because the facts developed at trial clearly establish that venue in Nebraska was proper. The government denies that the NIT warrant was *void ab initio* and contends the Magistrate Judge had authority to issue the warrant. It also argues that the warrant satisfies the Fourth Amendment and contends any violation of Federal Rule of Criminal Procedure 41 is not of constitutional magnitude.[2] Last, the government argues that if there is any constitutional violation, the good faith exception found in *United States v. Leon,* 468 U.S. 897, 906 (1984), would apply. The government also contends that Welch is not entitled to a hearing on his § 2255 motion.

---

[2] In connection with that argument, the government denies that Welch possesses an expectation of privacy in an IP address. The government also submits that the use of a NIT is analogous to a tracking device, which can clearly be issued in one district and otherwise track property in other districts, thus complying with Rule 41(b)(4) of the Federal Rules of Criminal Procedure. Those arguments were recently rejected by the Eighth Circuit. *See United States v. Horton*, 863 F.3d 1041, 1047-48 (8th Cir. 2017) (stating "[e]ven if a defendant has no reasonable expectation of privacy in his IP address, he has a reasonable expectation of privacy in the contents of his personal computer" and finding the tracking device analogy using a "virtual trip" fiction stretches Rule 41(b)(4) too far).

II. LAW

A. 28 U.S.C. § 2255

A federal prisoner who seeks relief from a conviction and sentence under § 2255 must establish a violation that constitutes "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)). Section 2255 is intended to provide federal prisoners a remedy for jurisdictional or constitutional errors. *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011). It is not intended to be a substitute for appeal or a vehicle for relitigating matters decided on appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998); *Davis v. United States*, 417 U.S. 333, 346–47 (1974).

Claims not raised on direct appeal are procedurally defaulted and may not be raised under § 2255 unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence. *United States v. Moss*, 252 F.3d 993, 1000 (8th Cir. 2001). To establish "cause" for a default, "the prisoner must 'show that some objective factor external to the defense impeded counsel's efforts to comply with [a] procedural rule.'" *Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). A factor is external to the defense if it cannot fairly be attributed to the prisoner. *Id.* One such factor is attorney error. *Id.* (stating "[i]t has long been the rule that attorney error is an objective external factor providing cause for excusing a procedural default only if that error amounted to a deprivation of the constitutional right to counsel."). An error amounting to constitutionally ineffective assistance is "imputed to the State" and is therefore external to the prisoner. *Id.*

4

A court may dismiss a claim without an evidentiary hearing "if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw v. United States,* 24 F.3d 1040, 1043 (8th Cir. 1994).

B.  Ineffective Assistance of Counsel

Ineffective assistance of counsel claims may be raised for the first time in a § 2255 motion, even if they could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). This exception is in place to prevent petitioners from being forced "to raise the issue before there has been an opportunity fully to develop the factual predicate for the claim." *Id.*

To succeed on a claim of ineffective assistance of counsel, a petitioner must first show that his counsel was deficient, that is, his "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Second, he must show that he suffered prejudice, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. To show ineffective assistance on appeal, a petitioner must show counsel was objectively unreasonable in failing to discover the issues and raise them on appeal, and but for counsel's failure to raise them, he would have prevailed on his appeal. See *Smith v. Robbins*, 528 U.S. 259, 285-86 (2000).

C.  Venue

An offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed. 18 U.S.C. § 3237(a). Venue is not subject to collateral attack in a § 2255 proceeding. See *Houser v. United States*, 508 F.2d

5

509 at 515 n. 24 (8th Cir. 1974); *Entrekin v. United States*, 508 F.2d 1328, 1330 (8th Cir. 1974).

    D.    NIT Warrant

In a recent case, the Eighth Circuit found a NIT warrant similar to the one at issue here was *void ab initio* because the magistrate judge in that case exceeded her jurisdiction under Rule 41(b). *See United States v. Horton*, 863 F.3d 1041 (8th Cir. 2017). Although the Appeals Court found the Rule 41 error was the equivalent of a warrantless search "rising to the level of a constitutional infirmity," the Appeals Court found suppression of the evidence was not required because the *Leon* good-faith exception applied to the officers' conduct. *Id.* at 1051-52; *see United States v. Leon*, 468 U.S. 897, 919 (1984) (assuming that the exclusionary rule effectively "deters some police misconduct and provides incentives for the law enforcement profession as a whole to conduct itself in accord with the Fourth Amendment, it cannot be expected, and should not be applied, to deter objectively reasonable law enforcement activity.").

The Eighth Circuit analyzed the Supreme Court's good-faith exception cases, noting that "the Court has not focused on the type of Fourth Amendment violation at issue, but rather confined the 'good-faith inquiry . . . to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal' in light of 'all of the circumstances.'" *Horton*, 863 F.3d at 1051 (quoting *Herring v. United States*, 555 U.S. 135, 145 (2009)); *see also United States v. Ortiz-Cervantes*, 868 F.3d 695, 703 (8th Cir. 2017), *cert. denied*, 138 S. Ct. 1439 (2018) (finding a magistrate judge's issuance of search warrant without authority to do so did not warrant suppression of evidence obtained during a search because the magistrate judge and the officers involved in executing the warrant believed in good faith that the magistrate judge was properly authorized to issue the

6

warrant). Other courts of appeal are in agreement—the First, Third, Fourth, and Tenth Circuits have each applied the *Leon* good-faith exception to NIT cases. See *United States v. Workman*, 863 F.3d 1313 (10th Cir. 2017) (reversing suppression of evidence obtained through a NIT warrant under the *Leon* good-faith exception); *United States v. Levin*, 874 F.3d 316, 318 (1st Cir. 2017) (finding suppression was not warranted because the government acted in good faith reliance on the NIT warrant, and because the deterrent effects on law enforcement do not outweigh the great cost to society of suppressing the resulting evidence); *United States v. Werdene*, 883 F.3d 204, 216–17 (3d Cir. 2018) (holding that the good-faith exception applies to warrants that are *void ab initio* because "the issuing magistrate's lack of authority has no impact on police misconduct, if the officers mistakenly, but inadvertently, presented the warrant to an innocent magistrate."); *United States v. McLamb*, 880 F.3d 685, 689 (4th Cir. 2018) ("[E]ven if the NIT warrant violates the Fourth Amendment, the *Leon* good faith exception precludes suppression of the evidence."). The Eighth Circuit also noted that "Rule 41 has been updated to authorize warrants exactly like this one" and found "there is no need to deter law enforcement from seeking similar warrants." *Horton*, 863 F.3d at 1052.

III. DISCUSSION

Welch did not raise his improper venue and unauthorized NIT warrant challenges at trial or on appeal. He contends his counsel was ineffective in failing to raise the arguments, thus furnishing cause and prejudice to overcome his default. The court will accordingly consider the merits of these claims only to the extent they are relevant to the determination of whether counsel's failure to raise the issues was objectively unreasonable and whether Welch was prejudiced as a result.

7

The court first finds Welch is not entitled to relief on the ground of improper venue. Welch's counsel's failure to object to venue was not objectively unreasonable. Venue is proper in any district in which a federal offense was begun, continued, or completed. The evidence at trial established that PedoBook, the child pornography site that Welch was accused of accessing, was located within the District of Nebraska. It was not objectively unreasonable to fail to challenge venue because any such challenge would be futile.

Even if counsel's actions could be considered objectively unreasonable, Welch cannot show prejudice as a result. Had Welch's counsel objected to venue at trial or on appeal, the objection would have been overruled and the appeal denied because venue is proper in the District of Nebraska by reason of PedoBook's location in this district. The court finds, aside from any default, Welch cannot succeed on the merits of his venue challenge.

Further, the court finds Welch cannot establish ineffective assistance of counsel with respect to his claim that the NIT warrant is void *ab initio*. The court finds counsel's representation in connection with the NIT warrant did not fall below an objective standard of reasonableness. Welch's counsel, together with thirteen other defendants, moved to suppress the evidence obtained from the NIT warrant. They unsuccessfully raised a Fourth Amendment and Rule 41 challenge to the warrant based upon late disclosure. That challenge was reasonable under the circumstances that existed at the time. Welch's prosecution predated other Tor network investigations that involved NIT warrants. The fact that Welch's counsel did not challenge the Magistrate Judge's authority to issue the warrant is of no consequence because Welch cannot show that he would have obtained any different result than Horton achieved in his void *ab initio* NIT warrant challenge. *See Horton,* 863 F.3d at 1051 (finding the *Leon* exception applicable to a warrant void *ab initio*

8

as long as the circumstances do not demonstrate bad faith). The facts of Welch's case are the same as those in *Horton* and any challenge by Welch would similarly fall prey to the *Leon* good-faith exception. There is no basis for any finding of bad faith in this case.³ *See* Filing No. 194, Brief at 23 (stating "There is no indication of any bad faith on behalf of the agents here."); Filing No. 203, Findings and Recommendations of the Magistrate Judge adopting facts in Brief. The court finds Welch's claim of constitutional injury related to the NIT warrant claim is foreclosed on the merits by the *Horton* case. *See Horton,* 863 F.3d at 1051.

IV. CONCLUSION

The court finds there is no need for a hearing in this case. Welch's challenge involves issues of law and the record conclusively shows that Welch is entitled to no relief. The court finds Welch's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 should be denied.

This court may grant Welch a certificate of appealability "only if [he] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). A "substantial showing" exists if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court finds that reasonable jurists would not find the court's assessment debatable or wrong. A certificate of appealability is not warranted.

Accordingly, IT IS ORDERED THAT:

---

³ The Eighth Circuit identifies the following circumstances as indicia of bad faith: when the affidavit or testimony supporting the warrant contains a false statement made knowingly and intentionally or with reckless disregard for its truth, thus misleading the issuing judge; when the issuing judge wholly abandons his judicial role in issuing the warrant; when the affidavit in support of the warrant is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and when the warrant is so facially deficient that no police officer could reasonably presume the warrant to be valid. *Horton*, 863 F.3d at 1051.

1. Joshua Welch's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Filing No. 500) is denied.

2. No certificate of appealability will issue.

3. A separate judgment will be entered in conjunction with this memorandum and order.

Dated this 24th day of May, 2018.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge